UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TAYE L. ELLEBY, | | |
| Petitioner, | | 20 Civ. 5517 (PAE) |
| v. | | ORDER |
| BRANDON J. SMITH, *Superintendent of Greene Correctional Facility*, | | |
| Respondent. | | |

PAUL A. ENGELMAYER, District Judge:

On July 16, 2020, petition Taye L. Elleby filed this *pro se* petition for a writ of habeas

corpus, pursuant to 28 U.S.C. § 2254, seeking release from custody to home confinement due to

the current pandemic.  Dkt. 1 ("Pet.").  This is his second petition seeking release based on the

pandemic. On May 22, 2020, the Court dismissed his first petition, without prejudice, because he

had failed to exhaust his state remedies.  20 Civ. 2935 (PAE), Dkt. 12 ("May 22 Opinion").[1]  In

the May 22 Opinion, the Court explained in full why Elleby had not exhausted his claims in state

court.  *See id.* at 7–10.  The Court incorporates those findings here.

In this Petition, Elleby represents that he has filed a state habeas petition but has yet to

receive a decision on that petition.  *See* Pet. at ECF pp. 3, 11.  He further represents that he has

forwarded a motion for compassionate release to Governor Andrew Cuomo, Attorney General

Letitia James, the New York District Attorney's office, and the Superintendent of the Greene

Correctional Facility, but has not received a response.  *See, e.g.*, *id.* at ECF pp. 10–11.

---

[1] Elleby twice filed letters, which the Court construed as motions to reconsider its May 22
Opinion.  *See* 20 Civ. 2935 (PAE), Dkts. 16–17.  The Court denied those motions to reconsider
and reaffirmed its holding.  *Id.*

The filing of these motions is insufficient to exhaust Elleby's claims. *See Curry v. Burge*, No. 03 Civ. 0901 (LAK), 2003 WL 21230625, at *1 (S.D.N.Y. May 22, 2003) (existence of pending state proceeding indicated that petitioner had not exhausted his claims). Remedies are still available in state court, and, as observed by Chief Judge McMahon, the justices of the New York State Supreme Court have heard—and granted—many petitions related to the impact of COVID-19 on conditions of confinement. *Bergamaschi v. Cuomo*, No. 20 Civ. 2817 (CM), 2020 WL 1910754, at *4 (S.D.N.Y. Apr. 20, 2020). That Elleby would like his state-court proceedings to be resolved more quickly does not present a reason to excuse his lack of exhaustion. *See Cuevas v. Pennsylvania*, 19 Civ. 1733 (SHR), 2020 WL 1911511, at *3 (M.D. Pa. Apr. 20, 2020) (declining to excuse exhaustion requirement for COVID-19-related pretrial habeas claim, even though petitioner was "displeased with the pace of his state-court proceedings").

Accordingly, the Court denies Elleby's second Petition, without prejudice, for lack of exhaustion. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 1 and to close this case. The Clerk of Court is further instructed to mail a copy of this order— along with a copy its May 22 Opinion, No. 20 Civ. 2935 (PAE), Dkt. 12—to Elleby.

SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Dated: August 7, 2020
        New York, New York